164 EAST 72ND STREET CORPORATION, Plaintiff, *v.* CLARA HESSE, as Executrix, etc., of HENRY HESSE, Deceased, Defendant.

First Department, April 6, 1939.

*Isaac Gluckman* of counsel [*Stanley S. Casden* with him on the brief], for the plaintiff.

*Joseph H. Kohan* of counsel [*Petersen, Steiner & Kohan*, attorneys], for the defendant.

CALLAHAN, J. The question involved is whether a proprietary lease between plaintiff, as landlord of a co-operative apartment venture, and defendant's testator, as lessee, came to an end eighteen months after the death of said testator; or whether his estate continues liable under the instrument.

The leasehold in question was purchased, with the plaintiff's permission, from a former owner on April 1, 1926. At the same time the testator purchased and received delivery of certain shares of stock in the corporate landlord. The new lease was then entered into, the term of which ran from April 1, 1926, to September 30, 2024.

Defendant's testator occupied the apartment until his death in February, 1937. By will he left all of his property to his widow, including the lease and the shares of stock in plaintiff corporation. Up to August 12, 1938, the widow continued to occupy the premises and pay rent. Rent has been paid to August 1, 1938. The defendant admits liability for the whole or a part of the August rent, but contends that the estate is not liable for any additional rent.

Plaintiff claims judgment for all rent due from August 1, 1938, up to the date of the entry of judgment herein.

Various provisions of the lease involved herein show that apartments in the plaintiff's building were intended to be leased only to stockholders of plaintiff corporation.

Subdivision " e " of paragraph " second " of the lease contains a covenant against assignment. It contains an exception that assignment or transfer by will is permitted to certain relatives of the lessee, including a widow. It provides that an assignment is not to become effective unless the assignee executes an instrument assuming the lease.

Paragraph " twelfth " of the lease provides that the instrument is to bind and run in favor of the heirs, executors, administrators and assigns of the parties.

Paragraph " third " of the lease contains the following provisions:

" *Third.* This lease is executed by the Lessor and Lessee upon the express condition that the term thereof shall come to an end, at the option of the Lessor, declared by resolution of its Board of Directors, upon the happening of any one of the following events: * * *

" (b) In case at any time the Lessee shall cease to be the owner and have standing of record in his name on the books of the Lessor the number of shares of capital stock aforesaid or in case this lease shall pass by will or by operation of law or be assigned to anyone who is not then the owner of the said shares, except that on the death of any stockholder the term shall come to an end eighteen (18) months thereafter unless a sale and transfer of said shares in accordance with the provisions of the By-Laws of the Lessor and an assignment hereof to such transferee shall be made on or before the expiration of that period."

It is to be noted that after the opening provisions of the above-quoted clause several " events " are enumerated upon the happening of any of which " events " the lease might terminate. But by the introductory provisions of the clause, the term in no event was to end except " at the option of the Lessor." Subdivision " b " merely contains one class of " events " on the happening of which the option to terminate might be exercised by the landlord.

While this lease was drawn by the plaintiff and is to be construed most strongly against it, if there is any ambiguity or uncertainty as to its meaning, we fail to find any basis for the construction contended for by defendant herein, which contention is that subdivision " b " of the third clause contains a conditional limitation that ended the term of the lease eighteen months after the death of the lessee. To sustain defendant's position it would be necessary to disregard the usual rules of construction requiring us to read all of the applicable provisions of a lease together. Doing this, it seems plain that the lease was to end only at the option of the lessor upon the happening of one of the enumerated events. Assuming, therefore, that one of the events referred to in subdivision " b " had occurred herein, there would be no conditional limitation.

Considering solely the question as to whether one of the events set forth in subdivision " b " has occurred, we think that the exception in that subdivision relating to the death of a stockholder was intended to relate only to situations where the stock and the lease were not in the same ownership, and where the lease passed by will to one who was not the owner of the stock. Neither such situation exists here. The lease and the shares of stock passed by will to one person and, therefore, there was no need for a sale or transfer of the stock in accordance with the provisions of the by-laws of the lessor within the eighteen months provided for.

As there has been no termination of the lease on the facts agreed to herein, judgment should be directed for the plaintiff for all rent due from August 1, 1938, down to and including the date of the entry of judgment herein, at the rate of $159.50 per month, with interest and costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Judgment unanimously directed for the plaintiff for all rent due from August 1, 1938, down to and including the date of the entry of judgment herein, at the rate of $159.50 per month, with interest and costs. Settle order on notice.